IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DANIEL W. COUNCIL,** | CASE NO. 1:22 CV 760 |
| Plaintiff, | JUDGE CHARLES E. FLEMING |
| v. | |
| **ANTHONY D. SOTTILE,** *et al.*, | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Daniel W. Council ("Plaintiff") has filed an *in forma pauperis* complaint in this case against four Defendants: Anthony D. Sottile, J.P. Morgan Chase Bank N.A., Michael Lubes, and Amourgis & Associates (collectively "Defendants"). (ECF No. 1). Plaintiff's brief Complaint is unclear and does not set forth specific factual allegations against any of the Defendants. Instead, Plaintiff merely generally alleges "malpractice . . . in representing a client." (*Id*. at PageID #5 ¶ III). It appears the Complaint pertains to a 2014 foreclosure action in the Summit County Court of Common Pleas in which a judgment of foreclosure was entered regarding property in Akron, and, to a 2016 Akron Municipal Court judgment against Plaintiff for forcible entry and detainer, both as to which Plaintiff has submitted various pleadings with his Complaint. *See U.S. Bank N.A. v. Barbara Council, et al*., No. CV-2014-03-1415 (Summit Cty. Ct. of Comm. Pls.) (referred to at Doc. Nos. 1-4 and 1-6); *Wilmington Trust Natl. Assc. MFRA Trust v. Daniel and David Council*, No. 15 CV 00219 (Akron Mun. Ct.) (referred to at Doc. No. 1-7).

For relief, Plaintiff seeks "recovery of [the] property through transfer of death deed" and damages. (Doc. No. 1 at 6, ¶ IV).

**STANDARD OF REVIEW AND DISCUSSION**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits. *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001).

District courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

Upon review, the Court finds that Plaintiff's Complaint must be dismissed. Even according the Complaint the deference to which a *pro se* pleading is entitled, it fails to meet basic pleading requirements or set forth allegations sufficient to state a plausible claim upon which the Court may grant him relief against any Defendant in the case. It is a basic pleading requirement that a plaintiff must provide specific factual allegations as to particular defendants that are sufficient to provide fair notice of what plaintiff's claims are and the factual grounds upon which they rest. *Twombly*, 550 U.S. at 555. Merely listing defendants in the caption of a complaint but raising no specific factual allegations as to them, as Plaintiff's complaint does here, is insufficient to state a plausible claim even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 Fed. Appx. 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 155-57 (1978)). At best, Plaintiff's Complaint asserts conclusory defendants-unlawfully-harmed-me allegations without factual enhancement that are insufficient to state any plausible claim for relief in federal court. *Iqbal*, 556 U.S. at 678. *See also Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. Appx. 487, 490-91 (6th Cir. 2005) (holding that plaintiffs' claims against attorney defendants pertaining a mortgage foreclosure action were properly dismissed for failure to conform to federal pleading requirements).

Furthermore, to the extent Plaintiff is asking the Court to overturn or reverse a state court judgment (of foreclosure or eviction), the *Rooker-Feldman* doctrine bars his claims. The *Rooker-Feldman* doctrine provides that "lower federal courts lack subject matter jurisdiction to review the decisions of state courts." *See Givens v. Homecomings Financial*, 278 Fed Appx. 607, 608 (6th Cir. 2008). Accordingly, this Court lacks subject-matter jurisdiction over Plaintiff's claims under the *Rooker–Feldman* doctrine to the extent they are "predicated upon a conviction" that a state court judgment was wrong. *See Kafele,* 161 Fed. Appx. at 490 (affirming dismissal of

plaintiff's claims pertaining to a mortgage foreclosure action resting on premise that a state foreclosure judgment was invalid).

## CONCLUSION

Accordingly, Plaintiff's Motion to Proceed *in forma pauperis* in this matter (ECF No. 2) is granted, and for the reasons stated above, the action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: August 4, 2022

CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE